J-S37014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
    :         PENNSYLVANIA
    :
    v.            :
    :
    :
RONALD G. JOHNSON     :
    :
    Appellant    :   No. 1334 EDA 2018

Appeal from the PCRA Order April 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0535501-1990

BEFORE:  BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:           **FILED SEPTEMBER 10, 2019**

Ronald G. Johnson appeals from the order denying as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").  Upon careful review, we affirm.

In its 1993 opinion, the trial court summarized the facts as follows:

The testimony at trial established that the victim, Joseph Goldsby, died on March 1, 1990 of a gunshot wound to the chest.  The victim was at the location of 2100 Westmoreland Street selling drugs [from his vehicle].  [Appellant] approached with an unknown male and female and engaged the victim in a drug-related conversation.  The unknown male got into the [victim's] vehicle and after a few minutes gunshots were heard.  The [victim's] car moved forward and crashed into a telephone pole. [Appellant] aimed a gun into the vehicle and pulled the trigger[,] but it misfired.  As [Appellant's] [cohort] exited the vehicle, he struggled with the [victim] and yelled at him to "give it up."  The [victim] chased after the man for a few steps but collapsed on the sidewalk.  Appellant and his co-conspirator fled the scene in the same direction.  Two witnesses to the incident, Darryl Alexander and Mark Jackson, testified that they knew [Appellant] and detailed his involvement in the murder.  Mark Jackson also

> testified to being approached by [Appellant] several days later and told to be careful what you say.
>
> [Appellant] testified and called as a witness, Richard Duncan, to establish an alibi defense. They testified that they were in a car getting high and unware of [the victim's] murder until they were told by a man named James Smith, also known as "Seed[.]"

Trial Court Opinion, 10/28/93, at 2-3.

After a jury trial before the Honorable Eugene Clark, Jr., Appellant was found guilty of murder in the first degree, criminal conspiracy, and possessing an instrument of crime. After the jury deadlocked at the penalty hearing, the trial court sentenced Appellant to life imprisonment without the possibility of parole. Appellant filed post-sentence motions, and a direct appeal to this Court, and his judgment of sentence became final on December 15, 1994, when our Supreme Court denied his petition for allowance of appeal and he failed to seek review in the United States Supreme Court. In 1999, Appellant filed his first PCRA petition, which was dismissed by the Honorable Lynn Hamlin. This Court affirmed the dismissal on appeal, and our Supreme Court denied his petition for allowance of appeal in 2003.

On May 7, 2012, Appellant, acting *pro se*, filed his second PCRA petition, which he supplemented on November 25, 2013. Enid Wolfe Harris, Esquire filed an amended PCRA petition on May 27, 2014, and supplemented it on September 30, 2015. In the amended petition, Appellant pled that he had discovered new evidence concerning the victim's death. He alleged that the victim, prior to his death, testified against Terrence Poles in a murder case in

which the victim had been the intended target. Although both the victim and Gerald Sanders were shot, the victim survived. The victim went on to testify at Poles's preliminary hearing, positively identifying him as the shooter. The charges were held for court, but the victim was murdered before Poles's case proceeded to trial. Appellant argued that this evidence suggests that Poles killed the victim in retaliation for his testimony, and that the Commonwealth improperly withheld this evidence in violation of **Brady v. Maryland**, 373 U.S. 83 (1963). The Commonwealth filed a motion to dismiss on August 31, 2015.

Burton Rose, Esquire entered his appearance on behalf of Appellant, and the petition was reassigned to the Honorable Lillian Ransom on February 4, 2016. On April 6, 2016, Appellant filed an affidavit from an inmate named Mark Stukes. In the affidavit, Mr. Stukes attested that he "witnessed a conversation between [Appellant] and Terrence Poles," during which Poles told Appellant that the victim had testified against him, causing him to receive a life sentence. **See** Affidavit, 3/1/16, at 1. "Mr. Poles [then] began to brag about how he had his homie kill [the victim] for testifying against Mr. Poles." **Id**. at 2. On March 24, 2016, Judge Ransom issued a Pa.R.Crim. 907 notice of intent to dismiss the PCRA petition as untimely. Appellant filed a response and the Commonwealth filed an answer to Appellant's filing.

On June 2, 2016, the Commonwealth and Appellant's PCRA counsel appeared before Judge Ransom for a status conference. The Court indicated that it had reviewed the affidavit and found that it was not filed within sixty

days of the date that it could have been filed and that the affidavit contained inadmissible statements.[1] N.T. Status Conference, 6/2/16, at 6, 8-9. Appellant's counsel argued that the statements were admissible as a declaration against penal interest and to prove that a **Brady** violation occurred. **Id**. at 7. Also, counsel explained that while the affidavit was not filed within sixty days, Appellant properly preserved the issue in his *pro se* PCRA within the required time period. **Id**. at 9. The Commonwealth responded that the affidavit did not contain exculpatory evidence and that it was not a statement against interest since it was not made to someone "in authority." **Id**. at 10-11. Ultimately, Judge Ransom concluded, without further elaboration, that dismissal was appropriate and that she would issue a formal dismissal later that same day. **Id**.

The next day, Judge Ransom held a hearing in chambers with PCRA counsel and the prosecutor. N.T. PCRA hearing, 6/3/16, at 1. At this hearing, Judge Ransom's law clerk submitted a memorandum outlining the contents of a redacted letter fragment from an Assistant United States Attorney to a

---

[1] In its brief, the Commonwealth states that it does not believe that this affidavit was ever received or reviewed by the PCRA court, based on statements made at an April 15, 2016 status listing. **See** Commonwealth's brief at 4. As a result, it suggests that a remand for an evidentiary hearing on this issue may be proper. However, a review of the June 2, 2016 status conference hearing transcript belies the Commonwealth's contention.

United States District Court judge.[2]  Based on the contents of the letter, Judge Ransom vacated the dismissal order on June 3, 2016, and continued the case in order to give Appellant and the Commonwealth time to investigate the claims made within the letter.  *Id*. at 2, 5-6.

Appellant filed another amended PCRA petition, addressing this new evidence surrounding the Jamaican drug cartel, in addition to the Terrence Poles's claim, after which the case was repeatedly continued to allow the defense more time for investigation.  On August 12, 2016, the case was briefly reassigned to the Honorable Kathryn Streeter-Lewis, before being moved again, this time to the Honorable Sandy L.V. Byrd for disposition.

On July 26, 2016, Judge Byrd held an evidentiary hearing,[3] wherein the custodian of the letter fragment testified.[4]  At the hearing, Appellant was unable to produce any evidence to substantiate the claims made in the letter

---

[2] The PCRA court found this letter while reviewing pleadings in an unrelated case.  Although missing pages and partially redacted, the United States Attorney asserted that the victim was murdered by Phillip Warrington and Kevin Duey, after they were ordered to do so by Lester Coke, a gang leader in a Jamaican drug cartel.  The letter described the murder, including the time, place, and manner in which it occurred.

[3] Although, both parties agreed that the initial Terrence Poles claim was still active, Appellant did not present any testimony or argument supporting that claim at this hearing.  N.T. PCRA Hearing, 7/26/17, at 9-11.

[4] William Rinnick testified that he received the letter as a part of a freedom of information request in his own case.  **See** Commonwealth's brief at 12; **see also** N.T. PCRA Hearing, 7/26/16, at 18-20.

and PCRA counsel requested and received a continuance so that both sides could continue investigating. N.T. PCRA Hearing, 7/26/17, at 29-30.

On March 9, 2018, PCRA counsel and the prosecutor appeared before Judge Byrd for a status conference. PCRA counsel indicated that his investigation had been unsuccessful. Although he obtained the name of the police officer who made the statements contained in the letter, he was unable to locate him. N.T. PCRA Hearing, 3/9/18 at 5. Judge Byrd asked PCRA counsel if he had withdrawn the first PCRA claim related to Terrence Poles, and he responded that he had not. Based on PCRA counsel's representations, the Commonwealth moved for dismissal of the petition due to a lack of evidence. *Id*. at 6. Judge Byrd agreed, finding that both claims were without merit and issuing a Rule 907 notice of intent to dismiss the petition. *Id*. at 15. The PCRA petition was dismissed by order, and this timely appeal followed.

Appellant presents the following issues for our review:

I.   Should this court order that [Appellant] be granted a new trial in the interests of justice because there is a reasonable likelihood that this homicide was committed by persons other than the Appellant?

    A.   The Commonwealth suppressed information that the deceased was a key witness against Terrance Poles, who has made admissions to this homicide to the Appellant and Mark Stukes.

    B.   The Commonwealth suppressed law-enforcement information that the deceased may have been slain by agents of a Jamaican drug cartel.

*See* Appellant's brief at 3.

Our standard of review examines "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." ***Commonwealth v. Holt***, 175 A.3d 1014, 1017 (Pa.Super. 2017) (citation omitted).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id***. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017) (citation omitted).

The time bar can "only be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii)." ***Id***. The three narrow exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly-discovered facts; and (3) an after-recognized constitutional right."

*Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa.Super. 2012); *see also* 42 Pa.C.S. § 9545(b)(1)(i-iii).  Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented.[5]  42 Pa.C.S. § 9545(b)(2).

The timeliness exception set forth at § 9545(b)(1)(ii) has two components, which must be alleged and proven as an initial jurisdictional threshold.  *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015).  Namely, the petitioner must establish that: (1) the facts upon which the claim was predicated were unknown; and (2) could not have been ascertained by the exercise of due diligence.  *See Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007).  Due diligence demands that the petitioner take reasonable steps to protect his own interests and explain why he could not have learned the new facts earlier with the exercise of due diligence.  *Commonwealth v. Monaco*, 996 A2d 1076, 1080 (Pa.Super. 2010); *see also Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa.Super. 2001).

Once it is established that the PCRA court has jurisdiction over the claim, the petitioner can present a substantive after-discovered evidence claim.  *See* 42 Pa.C.S. § 9543(a)(2)(vi).  In order to obtain relief on a substantive after-

---

[5] As of December 24, 2018, 42 Pa.C.S. § 9545(b)(2) now provides that any PCRA petition invoking a timeliness exception must be filed within one year of the date the claim first could have been presented.  However, this amendment does not apply to Appellant's case, which arose before the effective date of the amendment.

discovered evidence claim, a petitioner must demonstrate that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. ***Commonwealth v. Washington***, 927 A.2d 586 (Pa. 2007). The substantive merits-based analysis is more demanding that the analysis required by the "new facts" exception to establish jurisdiction. ***See Bennett***, ***supra*** at 395-96.

Appellant acknowledges that his petition was untimely, but asserts that he has satisfied the timeliness exception for newly-discovered facts. He argues that he should be permitted to proceed to prove his after-discovered evidence claim and that he is entitled to a new trial in the interests of justice because he has submitted reliable information that suggests that he is not the individual responsible for the murder in this case. ***See*** Appellant's brief at 8. The PCRA court disagreed, finding that no evidence had been presented to it or to Judge Ransom on which relief could be granted or that would likely compel a different verdict if a new trial was granted. ***See*** PCRA Court Opinion, 9/21/18, at 7, 9. We agree.

Judge Byrd implicitly found that the newly-discovered fact requirements necessary to establish jurisdiction were met on both issues. ***See*** Order, 4/13/18, at unnumbered 1 (finding that "the issues raised in the above-captioned petition are without merit"). The parties do not dispute that

finding.[6] However, despite multiple years of PCRA proceedings, Appellant has not presented reliable or admissible evidence suggesting that another person was likely responsible for the death of the victim in this case. *See Commonwealth v. Smith*, 540 A.2d 246, 263 (Pa. 1988) (finding that after-discovered evidence must be "producible and admissible" in order to be grounds for a new trial). More specifically, while Appellant submitted an affidavit from Mark Stukes, he has never provided any testimony or any other type of evidence that would be admissible should a new trial be granted. Even after Appellant was afforded an evidentiary hearing, he still failed to put forth any testimony or evidence that could be used in his favor should a new trial be granted. It was Appellant's burden to offer evidence to support his claim, and he had many years to do so. Thus, we discern no abuse of discretion in the PCRA court's denial of this claim for relief.

Appellant's second issue fails for the same reason. Appellant pled the newly-discovered letter fragment to prove that members of a Jamaican drug cartel killed the victim within sixty days of when it was discovered. Therefore, he has a claim that meets the newly-discovered fact threshold. However, by his own attorney's admission, he has not produced any admissible evidence to support his position. N.T. PCRA Hearing, 3/9/18 at 5. As such, Appellant

---

[6] From our review of the record, we conclude that Appellant timely pled his newly-discovered facts for purposes of the timeliness exception in 42 Pa.C.S. § 9542(b)(1)(ii) and the PCRA court had jurisdiction to reach the merits.

has failed to meet his substantive after-discovered evidence burden of proof and the PCRA court did not err when it dismissed this claim. Accordingly, we affirm the PCRA court's order dismissing the PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/19